UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **HARLEYSVILLE MUTUAL INSURANCE COMPANY**<br><br>   **Plaintiff**<br>vs.<br><br>**RICHMOND HILL, INC.**<br><br>   **Defendant.** | **Civil Action No:** |

## PLAINTIFF'S DECLARATORY JUDGMENT COMPLAINT

Now comes Plaintiff, Harleysville Mutual Insurance Company (hereinafter "Harleysville"), by and through its undersigned counsel, and avers as follows:

1. Plaintiff, Harleysville, is incorporated in the Commonwealth of Pennsylvania and has its principal place of business at 355 Maple Ave, Harleysville, Pennsylvania, 19438.

2. Defendant, Richmond Hill, Inc. ("RHI") is incorporated in the state of North Carolina and has its principal place of business at 1113 Hammel Road, Greensboro, North Carolina, 27408.

## JURISDICTION AND VENUE

3. This action is being brought pursuant to 28 U.S.C. § 2201 and F.R.C.P. 57 (relating to declaratory judgments) for the purpose of determining a question of actual controversy between the parties, as more fully set forth below.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the citizenship of the parties is diverse and the amount in controversy exceeds $75,000.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

1

## RHI'S CLAIM TO BE A MORTAGEE UNDER THE POLICY

6. Harleysville issued a Policy of Insurance, number OF-3M2977 ("the Policy"), to The Hammocks, LLC ("The Hammocks") d/b/a Richmond Hill Inn c/o Dr. William Gray at 87 Richmond Hill Drive, Asheville NC 28806 ("the Property"). A true and correct copy of the Policy is attached hereto and incorporated as **Exhibit "A".**

7. The insured entity, The Hammocks, is described as a "limited liability company" with a business description of "hotel."

8. The stated Policy period was October 19, 2008 to October 19, 2009.

9. The Policy was in its first year of issuance and was not the renewal of an earlier policy.

10. The Policy provided coverage for the business owned by The Hammocks known as Richmond Hill Inn located at 87 Richmond Hill Drive, Asheville NC 28806.

11. Relevant portions of the Policy state:

**Mortgagee Provisions**: If a mortgagee (mortgage holder) is named in this policy, loss to building property will be paid to the mortgagee and "you" as their interest appears. If more than one mortgagee is named, they will be paid in order of precedence.

The insurance for the mortgagee continues in effect even when "your" insurance may be void because of "your" acts, neglect, or failure to comply with the coverage "terms". The insurance for the mortgagee does not continue in effect if the mortgagee is aware of changes in ownership or substantial increase in risk and does not notify "us".

If "we" cancel this policy, "we" will notify the mortgagee at least ten days before the effective date of cancellation if "we" cancel for "your" nonpayment of premium, or 30 days before the effective date of cancellation if "we" cancel for any other reason.

"We" must request payment of the premium from the mortgagee if "you" fail to pay the premium.

If "we" pay the mortgagee for a loss where "your" insurance may be void, the mortgagee's right to collect that portion of the mortgage debt from "you" then belongs to "us". This does not affect the mortgagee's right to collect the remainder of the mortgage debt from "you".

2

As an alternative, "we" may pay the mortgagee the remaining principal and accrued interest in return for a full assignment of the mortgagee's interest and any instruments given as security for the mortgage debt.

If "we" choose not to renew this policy, "we" will give written notice to the mortgagee at least ten days before the expiration date of this policy.

12. The Policy does not identify any party as a mortgagee. In fact, the Policy does not list or contain therein any mortgagee.

13. The Richmond Hill Inn has been owned by The Hammocks since October 2005. The principal party managing the affairs at the Richmond Hill Inn on behalf of The Hammocks is Dr. William Gray (hereinafter "Dr. Gray").

14. Dr. Gray is one of the members of The Hammocks.

15. In October 2005, The Hammocks purchased Richmond Hill Inn from RHI.

16. A deed of trust was entered into on October 10, 2005, by and between The Hammocks d/b/a Richmond Hill Inn, LLC and Gateway Park Properties, LLC, and beneficiary, RHI. A true and correct copy of the deed of trust is attached hereto and incorporated as **Exhibit "B."**

17. According to the deed of trust, at the time of the sale, The Hammocks became indebted to RHI for the principal sum of eight million eight hundred thousand and 00/100 dollars ($8,800,000.00), and evidenced by a purchase money promissory note of even date. The final due date for payments of the promissory note was October 9, 2006. A true and correct copy of the promissory note is attached hereto and incorporated as **Exhibit "C."**

18. On or about October 15, 2008, The Hammocks, by its authorized employee, Sarah McCullough (hereinafter "McCullough"), applied for the Policy through Cheryl Reavis (hereinafter "Reavis"), an independent insurance agent, at White Agency in Black Mountain, NC.

19. In applying for the Policy, The Hammocks completed and submitted an application which is attached hereto and incorporated as **Exhibit "D"**.

20. The application is signed by McCullough and Reavis.

21. Above the signature block, the application carries a warning to the signatory that that person could be subject to criminal and civil penalties if the person knowingly, and with the intent to deceive, files an application that contains material false or misleading information.

22. Likewise, the text directly above the signature block requires the signatory to be authorized to sign the application on behalf of the applicant, specifically here The Hammocks, and requires the signatory to certify that the signatory has made a reasonable enquiry regarding the answers, and that the answers are "true, correct and complete" to his or her knowledge.

23. The Hammocks, through its designated agent and representative, has provided sworn testimony that McCullough had express authority to handle all insurance matters on behalf of The Hammocks, including interactions with the insurance agent during the completion of all applications for the procurement of the Policy.

24. RHI commenced foreclosure proceeding under the terms and provisions of the deed of trust, and The Hammocks received notice of these foreclosure hearings as early as November 5, 2008.

25. On March 16, 2009, RHI filed a Notice of Trustee's Foreclosure Sale of Real Property with the Buncombe County Court, and the sale was scheduled for April 11, 2009.

26. On or about March 19, 2009, one of the buildings on the Richmond Hill Inn property, which was commonly known as "the Mansion", sustained damage as a result of a fire. The fire occurred shortly after midnight on March 19, 2009.

27. The Hammocks notified Harleysville of its claim for fire damage on March 19, 2009.

28. The Ashville Buncombe Arson Task Force determined the fire to be incendiary within days of the fire. The Ashville Buncombe Arson Task Force report ("AB-ATF Report") states: "Over a period of several days the AB-ATF, assisted by the NCSBI conducted a fire scene exam. This fire has been determined to be an intentionally set fire at or near the front entrance of the structure." A true and correct copy of the available portions of the AB-ATF Report is attached hereto and incorporated as **Exhibit "E"**.

29. On March 25, 2009 The Hammocks sought bankruptcy protection from the United States Bankruptcy Court for the Western District of North Carolina by filing a voluntary petition pursuant to Chapter 11 of the United States Bankruptcy Code.

30. By letter dated April 2, 2009, Harleysville notified The Hammocks that it was investigating the cause of the loss and other aspects relating to the Policy pursuant to a Reservation of Rights.

31. Harleysville has recently filed its motion for relief in the foregoing bankruptcy court to obtain relief from the automatic stay therein to commence litigation seeking this Court's intervention, *inter alia*, to declare that Harleysville has no liability to The Hammocks for the claim of loss and that the Policy is void ab initio. A true and correct copy of Harleysville's motion for relief and complaint is attached hereto and incorporated as **Exhibit "F"**.

32. Notwithstanding the fact that the Policy does not list RHI, or anyone else, as a mortgagee and that the sworn application submitted to Harleysville does not reference any

mortgagee's interest, on September 11, 2009, counsel for RHI sent a letter to counsel for Harleysville demanding coverage be provided to Richmond Hill, Inc. as a mortgagee under the policy.

## COUNT I – DECLARATORY RELIEF: RHI IS NOT A "MORTGAGEE" UNDER THE POLICY

33. Harleysville incorporates by reference the allegations contained in paragraphs 1 through 32 of its Complaint as if fully set forth herein at length.

34. RHI is not a "mortgagee" as that term is used and defined under the Policy.

35. As such, RHI is not entitled to coverage under the Policy.

**WHEREFORE**, Plaintiff Harleysville seeks the entry of a Declaratory Judgment that Richmond Hill, Inc. is not a "mortgagee" as defined in the Policy and is not entitled to recover under the Policy, together with court costs, attorney's fees, and any and all other damages allowable by North Carolina law, and such further relief as this Court deems proper.

This the 5TH day of October, 2009.

/s/ David L. Brown
David L. Brown
N.C. State Bar No. 18942
dbrown@pckb-law.com
Brady A. Yntema
N.C. State Bar No. 25771
byntema@pckb-law.com
PINTO COATES KYRE & BROWN, PLLC
3203 Brassfield Road
Greensboro, NC 27410
Telephone: 336.282.8848
Facsimile: 336.282.8409

Michael R. Nelson
P.A. State Bar No. 65679
NELSON, LEVINE, de LUCA & HORST
518 East Township Line Rd.
Suite 300
Blue Bell, PA 19422

Douglas Y. Christian
P.A. State Bar No. 41934
BALLARD SPAHR, LLP
1735 Market Street, 51ST Floor
Philadelphia, PA 19103-7599

*Attorneys for Plaintiff Harleysville Mutual
 Insurance Company*