# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:09cv377

| | |
|---|---|
| HARLEYSVILLE MUTUAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) **O R D E R**<br>) |
| RICHMOND HILL INN, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the Court *sua sponte*.

This is a declaratory judgment action initiated by Harleysville Mutual Insurance Company (Harleysville) on October 5, 2009. [Doc. 1]. The time within which to answer has not yet expired. It is alleged that Defendant Richmond Hill Inn, Inc. (Richmond Hill) is owned by The Hammocks, LLC (The Hammocks) which does business under the name of Richmond Hill. [Doc. 1, at 2-3]. On March 19, 2009, a major component of the property known as the Richmond Hill Inn was destroyed by fire which has been reported to have been the result of arson. [Id., at 5]. The property was

insured at the time by Harleysville which seeks a declaration through this action that the policy is void *ab initio*. [Id.]. On March 25, 2009, The Hammocks filed a voluntary petition pursuant to Chapter 11 of the United States Bankruptcy Code. [Id.].

On November 12, 2009, an order was entered in the bankruptcy proceedings for The Hammocks pursuant to which Hon. George R. Hodges denied Harleysville's motion for relief from the stay so that it could pursue a declaratory judgment action. In re The Hammocks, LLC, Civil Case No. 1:09cv411. In his order, Judge Hodges noted the following:

> The fire loss claim is an asset of the Chapter 11 Estate and the prosecution of the collection of that claim is a core matter. The debtor-in-possession [The Hammocks] has the right to pursue that claim legally upon denial of the claim of loss and denial of payment by [Harleysville]. Although [Harleysville] has not officially denied the claim of loss, its actions in filing the motion for relief from stay and the allegations contained in its proposed declaratory judgment action as well as its communications to [The Hammocks] through its special counsel that the insurance company no longer considers itself the insurer are sufficient to be deemed a denial of the claim allowing [The Hammocks] to pursue the claim of loss by filing an appropriate civil action.

[Id., at Doc. 1-1]. This portion of Judge Hodges' Order thus indicates that Harleysville did not advise Judge Hodges that it had already commenced a declaratory judgment action.

Moreover, Harleysville has appealed Judge Hodges' ruling in the action referenced above, In re The Hammocks, LLC, Civil Case No. 1:09cv411. It

this appears that this action may be duplicative of the issue being litigated in the bankruptcy appeal. This is further reflected by the fact that Judge Hodges ruled that Harleysville could not litigate a declaratory judgment action and relegated the right to do so to the debtor, The Hammocks. As a result, the parties will be provided an opportunity to respond as to whether this action is subject to the Automatic Stay resulting from the debtor's filing, and if not, whether this action should be stayed pending the resolution of the bankruptcy appeal.

**IT IS, THEREFORE, ORDERED** that on or before fifteen (15) days from entry of this Order, the parties shall file written response not to exceed seven pages as to whether this declaratory judgment action is subject to the Automatic Stay resulting from the debtor's filing, and if not, whether this action should be stayed pending resolution of the bankruptcy appeal, <u>In re The Hammocks, LLC</u>, Civil Case No. 1:09cv41.

Signed: November 24, 2009

Martin Reidinger
United States District Judge