STANDARD FIRE INSURANCE POLICY for Alabama, Alaska, Arizona; Arkansas, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maryland, Michigan, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin and Wyoming.

| No. | | TYPE OF COMPANY |
|---|---|---|
| RENEWAL OF NUMBER | | |

SPACE FOR COMPANY NAME, INSIGNIA, AND LOCATION

Insured's Name and Mailing Address

SPACE FOR PRODUCER'S NAME AND MAILING ADDRESS

Policy Term: Inception (Mo. Day Yr.) — Expiration (Mo. Day Yr.) — Years

It is important that the written portions of all policies covering the same property read exactly alike. If they do not, they should be made uniform at once.

INSURANCE IS PROVIDED AGAINST ONLY THOSE PERILS AND FOR ONLY THOSE COVERAGES INDICATED BELOW BY A PREMIUM CHARGE AND AGAINST OTHER PERILS AND FOR OTHER COVERAGES ONLY WHEN ENDORSED HEREON OR ADDED HERETO.

| Item No. | DESCRIPTION AND LOCATION OF PROPERTY COVERED — Show address (No., Street, City, County, State, Zip Code), construction, type of roof and occupancy of building(s) covered or containing property covered. If occupied as a dwelling state if building is a seasonal or farm dwelling, if commercial state exact nature of product (and whether manufacturer, wholesaler or retailer) or the service or activity involved. | Protection Class | Dwelling Business Only |||| 
|---|---|---|---|---|---|---|
| | | | No. of Families | Feet From Hydrant | Miles From Fire Dept. | Zone |
| 1. | | | | | | |

| Item No. | PERIL(S) INSURED AGAINST AND COVERAGE(S) PROVIDED (INSERT NAME OF EACH) | Per Cent of Co-Insurance Applicable | Deductible Amount | Amount of Insurance | Rate | Prepaid or Installment Premium Due At Inception | Installment Premium Due At Each Anniversary |
|---|---|---|---|---|---|---|---|
| 1. | FIRE AND LIGHTNING EXTENDED COVERAGE | | | $ xxxxxxx | | $ | $ |
| | | | | TOTAL(S) | | $ | $ |

TOTAL PREMIUM FOR POLICY TERM PAID IN INSTALLMENTS $

Subject to Form No(s). _____ (INSERT FORM NUMBER(S) AND EDITION DATE(S)) _____ attached hereto.

Mortgage Clause: Subject to the provisions of the mortgage clause attached hereto, loss, if any, on building items, shall be payable to:

(INSERT NAME(S) OF MORTGAGEE(S) AND MAILING ADDRESS(ES))

Countersignature Date _____ Agency at _____ Agent _____

IN CONSIDERATION OF THE PROVISIONS AND STIPULATIONS HEREIN OR ADDED HERETO AND OF the premium above specified, this Company, for the term of years specified above from inception date shown above At Noon (Standard Time) to expiration date shown above At Noon (Standard Time) at location of property involved, to an amount not exceeding the amount(s) above specified, does insure the insured named above and legal representatives, to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss, without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair, and without compensation for loss resulting from interruption of business or manufacture, nor in any event for more than the interest of the insured, against all DIRECT LOSS BY FIRE, LIGHTNING AND BY REMOVAL FROM PREMISES ENDANGERED BY THE PERILS INSURED AGAINST IN THIS POLICY, EXCEPT AS HEREINAFTER PROVIDED, to the property described herein while located or contained as described in this policy, or pro rata for five days at each proper place to which any of the property shall necessarily be removed for preservation from the perils insured against in this policy, but not elsewhere.

Assignment of this policy shall not be valid except with the written consent of this Company.

This policy is made and accepted subject to the foregoing provisions and stipulations and those hereinafter stated, which are hereby made a part of this policy, together with such other provisions, stipulations and agreements as may be added hereto, as provided in this policy.

Case 1:09-cv-00377-MR-DLH Document 16-1 Filed 12/11/09 Page 1 of 3

—————ATTACH FORM BELOW THIS LINE—————

| | |
|---|---|
| 1 Concealment, | This entire policy shall be void if, whether |
| 2 fraud. | before or after a loss, the insured has wil- |
| 3 | fully concealed or misrepresented any ma- |
| 4 terial fact or circumstance concerning this insurance or the |
| 5 subject thereof, or the interest of the insured therein, or in case |
| 6 of any fraud or false swearing by the insured relating thereto. |
| 7 Uninsurable | This policy shall not cover accounts, bills, |
| 8 and | currency, deeds, evidences of debt, money or |
| 9 excepted property. | securities; nor, unless specifically named |
| 10 | hereon in writing, bullion or manuscripts. |
| 11 Perils not | This Company shall not be liable for loss by |
| 12 included. | fire or other perils insured against in this |
| 13 | policy caused, directly or indirectly, by: (a) |

14 enemy attack by armed forces, including action taken by mili-
15 tary, naval or air forces in resisting an actual or an immediately
16 impending enemy attack; (b) invasion; (c) insurrection; (d)
17 rebellion; (e) revolution; (f) civil war; (g) usurped power; (h)
18 order of any civil authority except acts of destruction at the time
19 of and for the purpose of preventing the spread of fire, provided
20 that such fire did not originate from any of the perils excluded
21 by this policy; (i) neglect of the insured to use all reasonable
22 means to save and preserve the property at and after a loss, or
23 when the property is endangered by fire in neighboring prem-
24 ises; (j) nor shall this Company be liable for loss by theft.
25 Other insurance. Other insurance may be prohibited or the
26 amount of insurance may be limited by en-
27 dorsement attached hereto.
28 Conditions suspending or restricting insurance. Unless other-
29 wise provided in writing added hereto this Company shall not
30 be liable for loss occurring
31 (a) while the hazard is increased by any means within the con-
32 trol or knowledge of the insured; or
33 (b) while a described building, whether intended for occupancy
34 by owner or tenant, is vacant or unoccupied beyond a period of
35 sixty consecutive days; or
36 (c) as a result of explosion or riot, unless fire ensue, and in
37 that event for loss by fire only.
38 Other perils Any other peril to be insured against or sub-
39 or subjects. ject of insurance to be covered in this policy
40 shall be by endorsement in writing hereon or
41 added hereto.
42 Added provisions. The extent of the application of insurance
43 under this policy and of the contribution to
44 be made by this Company in case of loss, and any other pro-
45 vision or agreement not inconsistent with the provisions of this
46 policy, may be provided for in writing added hereto, but no pro-
47 vision may be waived except such as by the terms of this policy
48 is subject to change.
49 Waiver No permission affecting this insurance shall
50 provisions. exist, or waiver of any provision be valid,
51 unless granted herein or expressed in writing
52 added hereto. No provision, stipulation or forfeiture shall be
53 held to be waived by any requirement or proceeding on the part
54 of this Company relating to appraisal or to any examination
55 provided for herein.
56 Cancellation This policy shall be cancelled at any time
57 of policy. at the request of the insured, in which case
58 this Company shall, upon demand and sur-
59 render of this policy, refund the excess of paid premium above
60 the customary short rates for the expired time. This pol-
61 icy may be cancelled at any time by this Company by giving
62 to the insured a five days' written notice of cancellation with
63 or without tender of the excess of paid premium above the pro
64 rata premium for the expired time, which excess, if not ten-
65 dered, shall be refunded on demand. Notice of cancellation shall
66 state that said excess premium (if not tendered) will be re-
67 funded on demand.
68 Mortgagee If loss hereunder is made payable, in whole
69 interests and or in part, to a designated mortgagee not
70 obligations. named herein as the insured, such interest in
71 this policy may be cancelled by giving to such
72 mortgagee a ten days' written notice of can-
73 cellation.
74 If the insured fails to render proof of loss such mortgagee, upon
75 notice, shall render proof of loss in the form herein specified
76 within sixty (60) days thereafter and shall be subject to the pro-
77 visions hereof relating to appraisal and time of payment and of
78 bringing suit. If this Company shall claim that no liability ex-
79 isted as to the mortgagor or owner, it shall, to the extent of any
80 payment of loss to the mortgagee, be subrogated to all the mort-
81 gagee's rights of recovery, but without impairing mortgagee's
82 right to sue; or it may pay off the mortgage debt and require
83 an assignment thereof and of the mortgage. Other provisions
84 relating to the interests and obligations of such mortgagee may
85 be added hereto by agreement in writing.
86 Pro rata liability. This Company shall not be liable for a greater
87 proportion of any loss than the amount
88 hereby insured shall bear to the whole insurance covering the
89 property against the peril involved, whether collectible or not.
90 Requirements in The insured shall give immediate written
91 case loss occurs. notice to this Company of any loss, protect
92 the property from further damage, forthwith
93 separate the damaged and undamaged personal property, put
94 it in the best possible order, furnish a complete inventory of
95 the destroyed, damaged and undamaged property, showing in
96 detail quantities, costs, actual cash value and amount of loss
97 claimed; and within sixty days after the loss, unless such time
98 is extended in writing by this Company, the insured shall render
99 to this Company a proof of loss, signed and sworn to by the
100 insured, stating the knowledge and belief of the insured as to
101 the following: the time and origin of the loss, the interest of the
102 insured and of all others in the property, the actual cash value of
103 each item thereof and the amount of loss thereto, all encum-
104 brances thereon, all other contracts of insurance, whether valid
105 or not, covering any of said property, any changes in the title,
106 use, occupation, location, possession or exposures of said prop-
107 erty since the issuing of this policy, by whom and for what
108 purpose any building herein described and the several parts
109 thereof were occupied at the time of loss and whether or not it
110 then stood on leased ground, and shall furnish a copy of all the
111 descriptions and schedules in all policies and, if required, verified
112 plans and specifications of any building, fixtures or machinery
113 destroyed or damaged. The insured, as often as may be reason-
114 ably required, shall exhibit to any person designated by this
115 Company all that remains of any property herein described, and
116 submit to examinations under oath by any person named by this
117 Company, and subscribe the same; and, as often as may be
118 reasonably required, shall produce for examination all books of
119 account, bills, invoices and other vouchers, or certified copies
120 thereof if originals be lost, at such reasonable time and place as
121 may be designated by this Company or its representative, and
122 shall permit extracts and copies thereof to be made.
123 Appraisal. In case the insured and this Company shall
124 fail to agree as to the actual cash value or
125 the amount of loss, then, on the written demand of either, each
126 shall select a competent and disinterested appraiser and notify
127 the other of the appraiser selected within twenty days of such
128 demand. The appraisers shall first select a competent and dis-
129 interested umpire; and failing for fifteen days to agree upon
130 such umpire, then, on request of the insured or this Company,
131 such umpire shall be selected by a judge of a court of record in
132 the state in which the property covered is located. The ap-
133 praisers shall then appraise the loss, stating separately actual
134 cash value and loss to each item; and, failing to agree, shall
135 submit their differences, only, to the umpire. An award in writ-
136 ing, so itemized, of any two when filed with this Company shall
137 determine the amount of actual cash value and loss. Each
138 appraiser shall be paid by the party selecting him and the ex-
139 penses of appraisal and umpire shall be paid by the parties
140 equally.
141 Company's It shall be optional with this Company to
142 options. take all, or any part, of the property at the
143 agreed or appraised value, and also to re-
144 pair, rebuild or replace the property destroyed or damaged with
145 other of like kind and quality within a reasonable time, on giv-
146 ing notice of its intention so to do within thirty days after the
147 receipt of the proof of loss herein required.
148 Abandonment. There can be no abandonment to this Com-
149 pany of any property.
150 When loss The amount of loss for which this Company
151 payable. may be liable shall be payable sixty days
152 after proof of loss, as herein provided, is
153 received by this Company and ascertainment of the loss is made
154 either by agreement between the insured and this Company ex-
155 pressed in writing or by the filing with this Company of an
156 award as herein provided.
157 Suit. No suit or action on this policy for the recov-
158 ery of any claim shall be sustainable in any
159 court of law or equity unless all the requirements of this policy
160 shall have been complied with, and unless commenced within
161 twelve months next after inception of the loss.
162 Subrogation. This Company may require from the insured
163 an assignment of all right of recovery against
164 any party for loss to the extent that payment therefor is made
165 by this Company.

In Witness Whereof, this Company has executed and attested these presents; but this policy shall not be valid unless countersigned by the duly authorized Agent of this Company at the agency hereinbefore mentioned.

```
┌─────────────────────────────────┐
│    INSERT SIGNATURES AND        │
←   TITLES OF PROPER OFFICERS    →
└─────────────────────────────────┘
```

STATE EXCEPTIONS:
KANSAS: The words "demand and" in line 58 and "on demand" in lines 65 and 67 are deleted. The words "twelve months" in line 161 are changed to "sixty months".
NORTH DAKOTA: The words "twelve months" in line 161 are changed to "thirty-six months".
WISCONSIN: The words "five days" in line 62 are changed to "ten days".

Case 1:09-cv-00377-MR-DLH   Document 16-1   Filed 12/11/09   Page 3 of 3