Workflow No. 1965406

Doc ID: 016636530008 Type: CRP
Recorded: 10/21/2005 at 11:45:14 AM
Fee Amt: $35.00 Page 1 of 8
Workflow# 1965406
Buncombe County, NC
Otto W. DeBruhl Register of Deeds

BK 4124 PG 1858-1865

# NORTH CAROLINA DEED OF TRUST

SATISFACTION: The debt secured by the within Deed of Trust together with the note(s) secured thereby has been satisfied in full.
This the _____ day of _____, 20___
Signed: _____

Mail to: WILLIAM P. AYCOCK, II, attorney, PO Box 21847, Greensboro, NC 27420
This instrument was prepared by BEST and BEST, PLLC, 138 Charlotte Street, Asheville, NC 28801

THIS DEED of TRUST made this 10th day of October, 2005, by and between:

| GRANTOR | TRUSTEE | BENEFICIARY |
|---|---|---|
| THE HAMMOCKS, LLC, a South Carolina limited liability company authorized to do business in North Carolina as RICHMOND HILL INN, LLC, and GATEWAY PARK PROPERTIES, LLC, a South Carolina limited liability company | WILLIAM P. AYCOCK, II PO Box 21847 Greensboro, NC 27420 | RICHMOND HILL, INC., a North Carolina corporation |

The designation Grantor, Trustee, and Beneficiary as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.

WITNESSETH, That The Hammocks, LLC, a South Carolina limited liability company, and Gateway Park Properties, LLC, a South Carolina limited liability company, are indebted to the Beneficiary in the principal sum of Eight Million Eight Hundred Thousand and 00/100 Dollars ($ 8,800,000.00), as evidenced by a Purchase-Money Promissory Note of even date herewith, the terms of which are incorporated herein by reference. The final due date for payments of said Promissory Note, if not sooner paid, is October 9, 2006.

NOW, THEREFORE, as security for said Purchase-Money Promissory Note and other valuable consideration, the receipt of which is hereby acknowledged, the Grantor has bargained, sold, given and conveyed and do by these presents bargain, sell, give, grant and convey to said Trustee, his heirs, or successors, and assigns, the parcels of land situated in the City of Asheville and Hazel Township of Buncombe County, North Carolina, (the "Premises") and more particularly described as follows:

TRACT I: BEGINNING at an existing iron pipe, the southeast corner of Lot 23, Section 1, Richmond Hill Park, as per plat thereof recorded in Plat Book 28, Page 92, Buncombe County Registry; which iron pin is also located in the northern margin of Richmond Hill Drive (60-foot right-of-way); thence from said Beginning point with the northern margin of Richmond Hill Drive, South 67° 31' 38" West 80 feet to an iron pipe, the southwest corner of said Lot 23; thence with the western line of Lot 23, North 22° 28' 22" West 150.06 feet to an iron pin, the northwest corner of Lot 23; thence North 67° 31' 38" East 80 feet to an iron pin, the northeast corner of Lot 23; thence the following four (4) calls with the North Carolina Baptist Homes, Inc. (see Deed Book 1183, Page 423, and Deed Book 1189, Page 460): North 40° 29' 32" East 719.98 feet to an iron pin; North 45° 41' 10" West 251.20 feet to an iron pin; North 40° 29' 10" West 285.90 feet to an existing iron pipe; North 89° 09' 55" West 460.70 feet to an existing iron pipe, the southeast corner of Lot 59, Section 4, Richmond Hill Park, as per plat thereof recorded in Plat Book 32, Page 58, Buncombe County Registry; thence with the rear lines of Lots 59, 58, 57, 56 and 55, North 00° 52' 49" East 414.04 feet to an iron pipe; thence with the rear lines of Lots 54 and 53, North 23° 22' 11" West 198.00 feet to an iron pin, Ernest L. McCombs' (now or formerly) southernmost corner (see Deed Book 1503, Page 267); thence with McCombs' southeastern line, North 39° 41' 29" East 156.73 feet to an iron pin; thence, along a curve to the right, a chord bearing and distance of South 40° 10' 42" East 112.22 feet (with a circle having a radius of 200.00 feet) to an iron pipe; thence South 23° 53' 00" East 27.86 feet to an existing iron pipe, a corner with Curtis D. Sturgill (see Deed Book 1326, Page 265); thence with Sturgill's southeastern line, North 53° 39' 36" East 253.01 feet to an existing iron pipe, the southernmost corner of Lot 2 as shown on Plat Book 46, Page 140, Buncombe County Registry; thence a new line with The Children's Grammar School, Inc. (now or formerly) (see Deed Book 1597, Page 632) the following six (6) calls: South 37° 21' 42" East 275.27 feet to an existing iron pipe; South 69° 38' 41" East 94.03 feet to an iron pipe; South 77° 50' 52" East 45.83 feet to an iron pin; North 82° 36' 17" East 37.95 feet to an iron pin; North 74° 34' 14" East 95.11 feet to an iron pin; North 69° 49' 23" East 131.98 feet to an existing iron pin; thence North 45° 16' 18" East 525.57 feet to an iron pin, the southernmost corner of Lot 21 of Rolling Oaks Estates, as shown on Plat Book 46, Page 140, Buncombe County (Registry); thence with the southern and rear lines of Lots 21 and 22, North 68° 50' 48" East 118.00 feet to an existing iron pin in the western right-of-way of the Norfolk Southern Railway; thence with the right-of-way of Norfolk Southern Railway the following eight (8) calls: South 17° 23' 15" East 500.13 feet to a point; South 14° 15' 35" East 200.00 feet to a point; South 07° 34' 45" East 200.00 feet to a point; South 01° 55' 30" West 200.00 feet to a point; South 10° 39' 20" West 200.00 feet to a point; South 14° 08' 50" West 858.42 feet to a point; South 16° 51' 45" West 200.00 feet to a point; South 22° 37' 10" West 248.81 feet to a point; thence South 59° 55' 57" East 139.91 feet to a point; thence South 29° 13' 28" West 90.51 feet to a point in the center of Pearson Bridge Road; thence with the center of Pearson Bridge Road, the following six (6) calls: North 44° 13' 44" West 208.14 feet to a point; along a curve to the left, a chord bearing and distance of North 72° 01' 52" West 145.69 feet

(with a circle having a radius of 156.18 feet); thence, along a curve to the left, a chord bearing and distance of South 54° 40' 55" West 157.05 feet (with a circle having a radius of 182.50 feet); thence, continuing along a curve to the left, a chord bearing and distance of South 08° 08' 19" East 201.35 feet (with a circle having a radius of 166.00 feet); South 45° 28' 08" East 63.81 feet to a point; thence, along a curve to the right, a chord bearing and distance of South 00° 10' 53" East 61.88 feet (with a circle having a radius of 43.53 feet); thence South 45° 07' 00" West 67.09 feet to a point; thence South 89° 08' 28" West 252.30 feet to a point within the right-of-way of Pearson Bridge Road; thence North 79° 52' 26" East 266.53 feet to a point; thence North 56° 34' 02" West 165.00 feet to a point; thence North 40° 27' 07" West 48.28 feet to a point; thence North 13° 06' 57" West 50.00 feet to an existing iron pipe, the southeast corner of John D. Wilson (see Deed Book 1454, Page 240); thence with Wilson's eastern line, along a curve to the right, a chord bearing and distance of North 00° 12' 12" East 230.76 feet (with a circle having a radius of 388.13 feet); thence North 12° 24' 28" East 28.20 feet to an existing iron pipe, the southeastern corner of Lot 14 of Richmond Hills, Section 1, as per plat thereof recorded in Plat Book 28, Page 92, Buncombe County Registry; thence with the right-of-way of Richmond Hill Drive and the lines of Lots 14, 15, 16 and 17 of Richmond Hills, Section 1, the following five (5) calls: along a curve to the right, a chord bearing and distance of North 17° 39' 26" East 100.78 feet (with a circle having a radius of 550.90 feet) to a point; thence, continuing along a curve to the left, a chord bearing and distance of North 09° 15' 14" East 29.77 feet (with a circle having a radius of 63.06 feet); North 04° 23' 52" West 22.14 feet to an existing iron pin; along a curve to the left, a chord bearing and distance of North 36° 19' 18" West 109.22 feet (with a circle having a radius of 103.27 feet); North 68° 14' 45" West 232.41 feet to an existing iron pin, the northwest corner of Lot 17, Richmond Hills, Section 1; thence North 43° 56' 36" West 60.26 feet to an existing iron pin, the point and place of Beginning, and containing 54.515 acres, more or less, and as shown on a map of survey by J. Glenn Haynes, R.L.S. for The Education Center, Inc., dated August 1, 1980 (revised October 20, 1994), and being all of the property conveyed to The Education Center, Inc. by deeds recorded in Deed Book 1462, at Page 307; Deed Book 1470, at Page 447; Deed Book 1517, at Page 581; Deed Book 1597, at Page 207; Deed Book 1602, at Page 508; and Deed Book 1732, Page 486, in the Office of the Register of Deeds for Buncombe County, North Carolina, and being currently identified as PIN: 9639.11.66.0684; PIN: 9639.11.56.5603; PIN: 9639.07.67.2772; PIN: 9639.11.56.8914; PIN: 9639.11.56.9159; and PIN: 9639.11.57.9195.

TRACT II: BEING all of Parcel No. 1 containing 1.586 acres, more or less, and Parcel No. 2 containing 0.541 acres, more or less, conveyed from Southern Region Industrial Realty, Inc., a Georgia Corporation, to The Education Center, Inc. a North Carolina Corporation, by deed dated November 13, 1992, and recorded in Deed Book 1721, at Page 452, in the Office of the Register of Deeds for Buncombe County, North Carolina, and being currently identified as PIN: 9639.11.65.8881.

TRACT III: BEING all of Lot 16, Section 1, of Richmond Hill Park, as shown on that Plat recorded in Plat Book 28, Page 92, of the Office of the Register of Deeds for Buncombe County, North Carolina, reference to which is made for a more particular description of said Lot, and being all that property conveyed to Grantor by deed recorded in Deed Book 2330, at Page 88, in the Office of the Register of Deeds for Buncombe County, North Carolina, and being currently identified as PIN: 9639.11.56.7411.

TRACT IV: BEING all of Lot 17, Section One of Richmond Hill Park, as shown on a Plat recorded in the Office of the Register of Deeds for Buncombe County, North Carolina, in Plat Book 28, at Page 92, reference to which is hereby made for a more particular description of said Lot, and being all that property conveyed to Grantor by deed recorded in Book 2268, at Page 798, in the Office of the Register of Deeds for Buncombe County, North Carolina, and being currently identified as PIN: 9639.11.56.6433.

TO HAVE AND TO HOLD said Premises with all privileges and appurtenances thereunto belonging, to said Trustee, his heirs, successors, and assigns forever, upon the trusts, terms and conditions, and for the uses hereinafter set forth.

If the Borrowers shall pay the Note secured hereby in accordance with its terms, together with interest thereon, and any renewals or extensions thereof in whole or in part, all other sums secured hereby and shall comply with all of the covenants, terms and conditions of this Deed of Trust, then this conveyance shall be null and void and may be canceled of record at the request and the expense of the Grantor.

If, however, there shall be any default (a) in the payment of any sums due under the Note, this Deed of Trust or any other instrument securing the Note and such default is not cured within thirty (30) days after written notice thereof, or (b) if there shall be default in any of the other covenants, terms or conditions of the Note secured hereby, or any failure or neglect to comply with the covenants, terms or conditions contained in this Deed of Trust or any other instrument securing the Note and such default is not cured within thirty (30) days after written notice, then and in any of such events, without further notice, it shall be lawful for and the duty of the Trustee, upon request of the Beneficiary, to sell the land herein conveyed at public auction for cash, after having first giving such notice of hearing as to commencement of foreclosure proceedings and obtained such findings or leave of court as may then be required by law and giving such notice and advertising the time and place of such sale in such manner as may then be provided by law, and upon such and any resales and upon compliance with the law then relating to foreclosure proceedings under power of sale to convey title to the purchaser in as full and ample manner as the Trustee is empowered. The Trustee shall be authorized to retain an attorney to represent him in such proceedings.

The proceeds of the Sale shall after the Trustee retains his commission, together with reasonable attorneys fees incurred by the Trustee in such proceedings, be applied to the costs of sale, including, but not limited to, costs of collection, taxes, assessments, costs of recording, service fees and incidental expenditures, the amount due on the Note hereby secured and advancements and other sums expended by the Beneficiary according to the provisions hereof and otherwise as required by the then existing law relating to foreclosures. The Trustee's commission shall be five percent (5%) of the gross proceeds of the sale or the minimum sum of $ 5,000.00, whichever is greater, for a completed foreclosure. In the event foreclosure is commenced, but not completed, the Grantor shall pay all expenses incurred by Trustee, including reasonable attorneys fees, and a partial commission computed on five per cent (5%) of the outstanding indebtedness or the above stated minimum sum, whichever is greater, in accordance with the following schedule, to-wit: one-fourth (¼) thereof before the Trustee issues a notice of hearing on the right to foreclosure; one-half (½) thereof after issuance of said notice, three-fourths (¾) thereof after such hearing; and the greater of the full commission or minimum sum after the initial sale.

And the said Grantor does hereby covenant and agree with the Trustee as follows:

1. INSURANCE. Grantor shall keep all improvements on said land, now or hereafter erected, constantly insured for the benefit of the Beneficiary against loss by fire, windstorm and such other casualties and contingencies, in such manner and in such companies and for such amounts, not less than that amount necessary to pay the sum secured by this Deed of Trust, and as may be satisfactory to the Beneficiary. Grantor shall purchase such insurance, pay all premiums therefor, and shall deliver to Beneficiary such policies along with evidence of premium payments as long as the Note secured hereby remains unpaid. If Grantor fails to purchase such insurance, pay premiums therefor or deliver said policies along with evidence of payment of premiums thereon, then Beneficiary, at his option, may purchase such insurance. Such amounts paid by Beneficiary shall be added to the principal of the Note secured by this Deed of Trust, and shall be due and payable upon demand of Beneficiary. All proceeds from any insurance so maintained shall at the option of Beneficiary be applied to the debt secured hereby and if payable in installments, applied in the inverse order of maturity of such installments or to the repair or reconstruction of any improvements located upon the Property.

2. TAXES, ASSESSMENTS, CHARGES. Grantor shall pay all taxes, assessments and charges as may be lawfully levied against said Premises within thirty (30) days after the same shall become due. In the event that Grantor fails to so pay all taxes, assessments and charges as herein required, then Beneficiary, at his option, may pay the same and the amounts so paid shall be added to the principal of the Note secured by this Deed of Trust, and shall be due and payable upon demand of Beneficiary.

3. ASSIGNMENTS OF RENTS AND PROFITS. Grantor assigns to Beneficiary, in the event of default, all rents and profits from the land and any improvements thereon, and authorizes Beneficiary to enter upon and take possession of such land and improvements, to rent same, at any reasonable rate of rent determined by

Beneficiary, and after deducting from any such rents the cost of reletting and collection, to apply the remainder to the debt secured hereby.

4. PARTIAL RELEASE. Grantor shall not be entitled to the partial release of any of the above described property unless a specific provision providing therefor is included in this Deed of Trust. In the event a partial release provision is included in this Deed of Trust, Grantor must strictly comply with the terms thereof. Notwithstanding anything herein contained, Grantor shall not be entitled to any release of property unless Grantor is not in default and is in full compliance with all of the terms and provisions of the Note, this Deed of Trust, and any other instrument that may be securing said Note.

5. WASTE. The Grantor covenants that he will keep the Premises herein conveyed in as good order, repair and condition as they are now, reasonable wear and tear excepted, and will comply with all governmental requirements respecting the Premises or their use, and that he will not commit or permit any waste.

6. CONDEMNATION. In the event that any or all of the Premises shall be condemned and taken under the power of eminent domain, Grantor shall give immediate written notice to Beneficiary and Beneficiary shall have the right to receive and collect all damages awarded by reason of such taking, and the right to such damages hereby is assigned to Beneficiary who shall have the discretion to apply the amount so received, or any part thereof, to the indebtedness due hereunder and if payable in installments, applied in the inverse order of maturity of such installments, or to any alteration, repair or restoration of the Premises by Grantor.

7. WARRANTIES. Grantor covenants with Trustee and Beneficiary that he is seized of the Premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances, and that he will warrant and defend the title against the lawful claims of all persons whomsoever, except for the exceptions hereinafter stated. Title to the property hereinabove described is subject to the following exceptions: easements, rights-of-way and restrictions of record, including, but not limited to, the rights-of-way for Pearson Bridge Road, Richmond Hill Drive and Norfolk and Southern Railway, and to ad valorem taxes for the year 2005 which have been prorated between the parties to this deed of trust.

8. SUBSTITUTION OF TRUSTEE. Grantor and Trustee covenant and agree to and with Beneficiary that in case the said Trustee, or any successor trustee, shall die, become incapable of acting, renounce his trust, or for any reason the holder of the Note desires to replace said Trustee, then the holder may appoint, in writing, a trustee to take the place of the Trustee; and upon the probate and registration of the same, the trustee thus appointed shall succeed to all rights, powers and duties of the Trustee.

| X | THE FOLLOWING PARAGRAPH, 9. SALE OF PREMISES, SHALL NOT APPLY UNLESS THE BLOCK TO THE LEFT MARGIN OF THIS SENTENCE IS MARKED AND/OR INITIALED. |
|---|---|

9. SALE OF PREMISES. Grantor agrees that if the Premises or any part thereof or interest therein is sold, assigned, transferred, conveyed or otherwise alienated by Grantor, whether voluntarily or involuntarily or by operation of law [other than: (i) the creation of a lien or other encumbrance subordinate to this Deed of Trust which does not relate to a transfer of rights of occupancy in the Premises; (ii) the creation of a purchase money security interest for household appliances; (iii) a transfer by devise, descent, or operation of law on the death of a joint tenant or tenant by the entirety; (iv) the grant of a leasehold interest of three (3) years or less not containing an option to purchase; (v) a transfer to a relative resulting from the death of a Grantor; (vi) a transfer where the spouse or children of the Grantor become the owner of the Premises; (vii) a transfer resulting from a decree of a dissolution of marriage, legal separation agreement, or from an incidental property settlement agreement, by which the spouse of the Grantor becomes an owner of the Premises; (viii) a transfer into an inter vivos trust in which the Grantor is and remains a beneficiary and which does not relate to a transfer of rights of occupancy in the Premises], without the prior written consent of Beneficiary, Beneficiary, at its own option, may declare the Note secured hereby and all other obligations hereunder to be forthwith due and payable. Any change in the legal or equitable title of the Premises or in the beneficial ownership of the Premises, including the sale, conveyance or disposition of a majority interest in the Grantor if a corporation, partnership, or limited liability company, whether or not of record and whether or not for consideration, shall be deemed to be the transfer of an interest in the Premises.

10. ADVANCEMENTS. If Grantor or Borrowers shall fail to perform any of the covenants or obligations contained herein or in any other instrument given as additional security for the Note secured hereby, the Beneficiary may, but without obligation, make advances to perform such covenants or obligations, and all such sums so advanced shall be added to the principal sum, shall bear interest at the rate provided in the Note

secured hereby for sums due after default and shall be due from Grantor on demand of the Beneficiary. No advancement or anything contained in this paragraph shall constitute a waiver by Beneficiary or prevent such failure to perform from constituting an event of default.

11. INDEMNITY. If any suit or proceeding be brought against the Trustee or Beneficiary or if any suit or proceeding be brought which may affect the value or title of the Premises, Grantor shall defend, indemnify and hold harmless and on demand reimburse Trustee or Beneficiary from any loss, cost, damage or expense and any sums expended by Trustee or Beneficiary shall bear interest as provided in the Note secured hereby for sums due after default and shall be due and payable on demand.

12. WAIVERS. Grantor waives all rights to require marshaling of assets by the Trustee or Beneficiary. No delay or omission of the Trustee or Beneficiary in the exercise of any right, power or remedy arising under the Note or this Deed of Trust shall be deemed a waiver of any default or acquiescence therein or shall impair or waive the exercise of such right, power or remedy by Trustee or Beneficiary at any other time.

13. CIVIL ACTION. In the event that the Trustee is named as a party to any civil action as Trustee in this Deed of Trust, the Trustee shall be entitled to employ an attorney at law, including himself if he is a licensed attorney, to represent him in said action and the reasonable attorney's fee of the Trustee in such action shall be paid by the Beneficiary and added to the principal of the Note secured by this Deed of Trust and bear interest at the rate provided in the Note for sums due after default.

14. PRIOR LIENS. Default under the terms of any instrument secured by a lien to which this Deed of Trust is subordinate shall constitute default hereunder.

15. Other Terms:

(a) Care of Premises.

(i) The Grantor will keep and maintain the improvements now or hereafter erected on the Premises in good condition and repair, will maintain constantly in good and unbroken condition all parking areas and ingress and egress easements (with parking areas clearly striped), will not commit or suffer any waste and will not do or suffer to be done anything which will materially increase the risk of fire or other hazard to the Premises or any part thereof, and shall keep and maintain all furniture, fixtures and appliances in good repair and condition and shall replace any such furniture, fixtures or appliances which become obsolete or worn out during the term hereof.

(ii) The Grantor will not expand or extend the Premises except with the written consent of the Beneficiary.

(iii) The Grantor will not construct, restore, add to or alter any building or other improvement in the Premises or any extension thereof, nor consent to or permit any such construction, restoration, addition or alteration without Beneficiary's written consent.

(iv) The Grantor shall not operate the Premises, or permit same to be operated, as a cooperative or condominium building or buildings in which any tenants or occupants participate in the ownership, control or management of the Premises or any part thereof as tenant, stockholder or otherwise.

(v) If the Premises are damaged by fire or any other cause in an amount in excess of FIVE THOUSAND AND NO/100 DOLLARS ($5,000.00), the Grantor will give immediate written notice of the same to the Beneficiary.

(vi) The Beneficiary or its representative is hereby authorized to enter upon and inspect the Premises at all reasonable times.

(vii) Without limiting any other provision contained herein relating to the same or similar matters as hereinafter set forth, Grantor covenants and agrees that in the ownership, operation and management of the Premises Grantor will observe and comply with all applicable federal, state and local statutes, ordinances, regulations, orders and restrictions, whether now existing or hereafter

Case 1:09-cv-00377-MR-DLH   Document 16-3   Filed 12/11/09   Page 6 of 8

Book:4124,Page:1858

enacted, including, without limitation, all zoning, building code, environmental protection and equal employment opportunity statutes, ordinances, regulations, orders and restrictions.

(b) Right of Beneficiary to Enter and Take Possession.

(i) If an event of default shall have occurred, the Grantor, upon demand of the Beneficiary, shall forthwith surrender to the Beneficiary the actual possession of the Premises and if, and to the extent permitted by law, the Beneficiary may enter and take possession of the Premises, the Beneficiary may exclude the Grantor and the Grantor's agents and employees wholly therefrom.

(ii) Upon every such entering and taking of possession, the Beneficiary may hold, store, use, operate, manage, control and maintain the Premises and conduct the business thereof, and, from time to time: (1) make all necessary and proper repairs, renewals, replacements, additions, betterments and improvements thereto and thereon and purchase or otherwise acquire additional fixtures, personalty and other property; (2) insure or keep the Premises insured; (3) manage and operate the Premises and exercise all the rights and powers of the Grantor in its name or otherwise, with respect to the same; and (4) enter into any and all agreements with respect to the exercise by others of any of the powers herein granted the Beneficiary, all as the Beneficiary may from time to time determine to be to its best advantage; and the Beneficiary may collect and receive all of the income, rents, profits, issues and revenues of the Premises, including those past due as well as those accruing thereafter and, after deducting the cost of collecting the same, shall apply the remainder of the money so received by the Beneficiary, in a manner within the sole discretion of Beneficiary, so long as to payments on the Note or otherwise to benefit the Premises.

(iii) For purpose of carrying out the provisions of this Paragraph 15(b), the Grantor hereby constitutes and appoints the Beneficiary the true and lawful attorney-in-fact of the Grantor to do (and perform), from time to time, any and all actions necessary and incidental to such purpose and does, by these presents, ratify and confirm any and all actions of said attorney-in-fact for such purposes.

(c) Appointment of a Receiver.

(i) If an event of default shall have occurred, the Beneficiary upon application to a court of competent jurisdiction, shall be entitled, without notice and without regard to the adequacy of any security for the indebtedness hereby secured or the solvency of any party bound for its payment, to the appointment of a receiver to take possession of and to operate the Premises and to collect the rents, profits, issues and revenues thereof.

(ii) The Grantor will pay to the Beneficiary upon demand all expenses, including receiver's fees, attorney's fees, costs and agent's compensation, incurred pursuant to the provisions contained in this Paragraph 15(c), together with interest thereon, and all such expenses and interest shall be secured by this Deed of Trust.

IN WITNESS WHEREOF, the Grantor has duly executed the foregoing as of the day and year first above written.

Case 1:09-cv-00377-MR-DLH   Document 16-3   Filed 12/11/09   Page 7 of 8   Book:4124,Page:1858

IN WITNESS WHEREOF, the Grantor has duly executed the foregoing as of the day and year first above written.

THE HAMMOCKS, LLC

BY: /s/ William G. Gray

MEMBER/MANAGER


GATEWAY PARK PROPERTIES, LLC

BY: /s/

MEMBER/MANAGER

---

STATE OF NORTH CAROLINA
COUNTY OF BUNCOMBE

I, PETER F. BEST, a Notary Public of Buncombe County, NC, certify that William G. Gray, Member/Manager of THE HAMMOCKS, LLC, a South Carolina Limited Liability Company, personally appeared before me this day and acknowledged his execution of the foregoing instrument as Member/Manager on behalf of and as the act of said limited liability company.

Witness my hand and official stamp or seal, this the 10 day of October, 2005.

/s/ Peter F. Best
NOTARY PUBLIC

My commission expires: 8/20/2010


STATE OF NORTH CAROLINA
COUNTY OF BUNCOMBE

I, PETER F. BEST, a Notary Public of Buncombe, NC, certify that James F. Sloggett, Member/Manager of GATEWAY PARK PROPERTIES, LLC, a South Carolina Limited Liability Company, personally appeared before me this day and acknowledged his execution of the foregoing instrument as Member/Manager on behalf of and as the act of said limited liability company.

Witness my hand and official stamp or seal, this the 10 day of October, 2005.

/s/ Peter F. Best
NOTARY PUBLIC

My commission expires: 8/20/2010