# UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:09cv377

| | |
|---|---|
| HARLEYSVILLE MUTUAL ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPLY TO AFFIRMATIVE** |
| ) | **DEFENSES and ANSWER** |
| RICHMOND HILL, INC., ) | **TO COUNTERCLAIMS** |
| ) | |
| Defendant. ) | |
| _____) | |

NOW COMES Plaintiff, HARLEYSVILLE MUTUAL INSURANCE COMPANY ("Harleysville"), by and through the undersigned counsel, and replies to the Affirmative Defenses of the Defendant and answers the Counterclaims of the Defendant as follows:

**AS AND FOR A RESPONSE TO THE DEFENDANT'S FIRST AFFIRMATIVE**

**DEFENSE FOR ACCEPTANCE OF PREMIUM PAYMENTS**

1.  Harleysville's pleadings in its complaint against RHI, including all attachments to that complaint, its pleadings within this answer as well as these responses to the Affirmative Defenses of the Defendant and answers to the Counterclaims of the Defendant are hereby restated and incorporated as though fully set forth herein. It is admitted that Harleysville issued a Policy of Insurance, number OF-3M2977 ("the Policy"), to The Hammocks, LLC ("The Hammocks") d/b/a Richmond Hill Inn c/o Dr. William Gray at 87 Richmond Hill Drive, Asheville NC 28806. It is further admitted that Harleysville filed a motion for relief in the

United States Bankruptcy Court for the Western District of North Carolina to obtain relief from the automatic stay therein to commence litigation seeking this Court's intervention, *inter alia*, to declare that the Policy is void *ab initio*. Except as specifically admitted above, denied.

## AS AND FOR A RESPONSE TO THE DEFENDANT'S SECOND AFFIRMATIVE DEFENSE FOR VIOLATION OF N.C.G.S. § 58-44-15

1. N.C.G.S. § 58-44-15 is a document, the terms of which speak for themselves. Except as specifically admitted above, denied.

2. N.C.G.S. § 58-44-15 is a document, the terms of which speak for themselves. Except as specifically admitted above, denied.

3. N.C.G.S. § 58-44-15 is a document, the terms of which speak for themselves. Except as specifically admitted above, denied.

4. Exhibit A to the Defendant's Answer is a document, the terms of which speak for themselves. Except as specifically admitted above, denied.

5. It is specifically denied that the Policy was in any manner defective or incomplete. In fact, the Policy specifically contains a Mortgage Clause. A true and correct copy of the Policy was attached to the original Complaint in this action and the Mortgage Clause is specifically contained therein. *See* Doc. 1-3, p. 3. By way of further answer, the Policy is a document, the terms of which speak for themselves.

6. This averment is specifically denied as mere speculation on the part of RHI as to what was or would have been readily apparent to The Hammocks, what The Hammocks did do, would have done or in any way what the particular state of mind of The Hammocks was when The Hammocks took possession of the Policy. By way of further answer, for the reasons as more fully set forth in Harleysville's pleadings in this matter and all attachments to the

pleadings, The Hammocks made material misrepresentations to Harleysville when it completed the application of insurance and failed to disclose that RHI apparently had an interest in the property at issue.

7. Harleysville denies each and every allegation contained in paragraph "7". *See* Doc. 1-3, p. 3.

## AS AND FOR A RESPONSE TO THE DEFENDANT'S THIRD AFFIRMATIVE DEFENSE AND ANSWER TO COUNTERCLAIMS AGAINST HARLEYSVILLE PARTIES

1. Upon information and belief, Harleysville admits the allegations in paragraph "1".

2. Harleysville lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph "2"; and, therefore the same are denied.

3. Upon information and belief, Harleysville admits the allegations in paragraph "3".

4. Harleysville admits the allegations in paragraph "4".

5. Harleysville denies each and every allegation contained in paragraph "5".

## JURISDICTION AND VENUE

6. Harleysville admits the allegations in paragraph "6".

7. Venue is proper in this Court under 28 U.S.C. § 1391. Except as specifically admitted above, denied.

8. The allegations in paragraphs "8(a.-e.)" call for conclusions of law and the same are denied.

## FACTUAL BACKGROUND

9. Harleysville's pleadings in its complaint against RHI, including all attachments to that complaint, its pleadings within this answer, as well as the foregoing responses to the

Affirmative Defenses of the Defendant and answers to the Counterclaims of the Defendant are hereby restated and incorporated as though fully set forth herein.

10. Upon information and belief The Hammocks and RHI apparently conducted business that allegedly was memorialized in written documents. RHI inappropriately and incompletely characterized such transactions in its averments and, therefore, Harleysville specifically denies all averments set forth in paragraph "10."

11. Exhibit B to the Defendant's Answer is a document, the terms of which speak for themselves. Except as specifically admitted above, denied.

12. The Deed of Trust is a document, the terms of which speak for themselves. Except as specifically admitted above, denied.

13. The Deed of Trust is a document, the terms of which speak for themselves. Except as specifically admitted above, denied.

14. The Deed of Trust is a document, the terms of which speak for themselves. Except as specifically admitted above, denied.

15. Exhibit C to the Defendant's Answer is a document, the terms of which speak for themselves. Except as specifically admitted above, denied.

16. The Deed of Trust is a document, the terms of which speak for themselves. Except as specifically admitted above, denied. By way of further answer, Harleysville was not a party to this agreement and was never advised of the term in the Deed of Trust by either The Hammocks or RHI.

17. It is admitted that Harleysville issued a Policy of Insurance, number OF-3M2977 ("the Policy"), with an effective date from October 19, 2008 through October 19, 2009, to The

Hammocks, LLC ("The Hammocks") d/b/a Richmond Hill Inn c/o Dr. William Gray at 87 Richmond Hill Drive, Asheville NC 28806.  Except as specifically admitted above, denied.

18. It is denied that White Insurance Agency was acting as "Harleysville's agents". By way of further response, Harleysville lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraphs "18"; and, therefore the same are denied.

19. Upon information and belief, Harleysville admits the allegations in paragraph "19".

20. Denied as stated. The White Insurance Agency Inc. is listed under "Agents in your area" on Harleysville's web site.

21. It is denied that White Insurance Agency and or Cheryl Reavis were acting as "Harleysville's agents". By way of further response, Harleysville denies each and every allegation contained in paragraph "21".

22. Denied as stated. The pleading uses the phrase, "were familiar with The Hammocks" which is vague and confusing in this context and the same is therefore denied. Harleysville lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs "22"; and, therefore the same are denied.

23. It is admitted that the Policy is a document, the terms of which speak for themselves.  Except as specifically admitted above, denied.

24. The Policy is a document, the terms of which speak for themselves. By way of further answer, and as more fully set forth herein, the policy is void *ab initio* and therefore not in force. Except as specifically admitted above, denied.

25. The Policy is a document, the terms of which speak for themselves. By way of further answer, and as more fully set forth herein, the policy is void *ab initio* and therefore not in force. It is admitted that a fire occurred on March 19, 2009 which damaged the Mansion and some business personal property. Except as specifically admitted above, denied.

26. It is admitted that The Hammocks notified Harleysville of the fire but it is not admitted that the resulting losses were properly reported. Except as specifically admitted above, denied.

27. Upon information and belief, Harleysville admits the allegations in paragraph "27".

28. The allegations call for conclusions of law and the same are denied.

29. Harleysville lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs "29"; and, therefore the same are denied.

30. It is admitted that on September 11, 2009, counsel for RHI sent a letter to counsel for Harleysville demanding coverage be provided to RHI as a mortgagee under the Policy. Except as specifically admitted above, denied.

# AS AND FOR AN ANSWER TO DEFENDANT'S FIRST COUNTERCLAIM FOR DECLARATORY RELIEF: THAT RHI IS ENTITLED TO INSURANCE COVERAGE UNDER N.C.G.S. § 58-43-15

1. Harleysville's pleadings in its complaint against RHI, including all attachments to that complaint, its pleadings within this answer, as well as the foregoing responses to the Affirmative Defenses of the Defendant and answers to the Counterclaims of the Defendant, are hereby restated and incorporated as though fully set forth herein.

2. The allegations call for conclusions of law and the same are denied. By way of further response, N.C.G.S. §§ 58-43-1, et seq. and 58-44-1, et seq. are documents, the terms of which speak for themselves. Except as specifically admitted above, denied.

3. N.C.G.S. § 58-43-15 is a document, the terms of which speak for themselves. Except as specifically admitted above, denied.

4. N.C.G.S. § 58-43-15 is a document, the terms of which speak for themselves. Except as specifically admitted above, denied.

5. N.C.G.S. § 58-43-15 is a document, the terms of which speak for themselves. Except as specifically admitted above, denied. This paragraph is a misleading characterization of the wording and operation of that law and the same is therefore denied.

6. Harleysville denies each and every allegation contained in paragraph "6".

7. Harleysville denies each and every allegation contained in paragraph "7".

## AS AND FOR AN ANSWER TO DEFENDANT'S SECOND COUNTERCLAIM FOR AN EQUITABLE LIEN

1. Harleysville's pleadings in its complaint against RHI, including all attachments to that complaint, its pleadings within this answer, as well as the foregoing responses to the Affirmative Defenses of the Defendant and answers to the Counterclaims of the Defendant, are hereby restated and incorporated as though fully set forth herein.

2. The Policy is a document, the terms of which speak for themselves. Except as specifically admitted above, denied.

3. Harleysville denies each and every allegation contained in paragraph "3".

4. Harleysville denies each and every allegation contained in paragraph "4".

# AS AND FOR AN ANSWER TO DEFENDANT'S THIRD COUNTERCLAIM FOR NEGLIGENCE OF HARLEYSVILLE

1. Harleysville's pleadings in its complaint against RHI, including all attachments to that complaint, its pleadings within this answer, as well as the foregoing responses to the Affirmative Defenses of the Defendant and answers to the Counterclaims of the Defendant, are hereby restated and incorporated as though fully set forth herein.

2. The Policy is a document, the terms of which speak for themselves. Except as specifically admitted above, denied.

3. It is denied that White Insurance Agency and or Cheryl Reavis were acting as "Harleysville's agents". By way of further response, Harleysville denies each and every allegation contained in paragraph "3".

4. It is denied that White Insurance Agency and or Cheryl Reavis were acting as "Harleysville's agents". By way of further response, Harleysville denies each and every allegation contained in paragraph "4".

5. It is denied that White Insurance Agency and or Cheryl Reavis were acting as "Harleysville's agents". By way of further response, Harleysville denies each and every allegation contained in paragraph "5".

6. It is denied that White Insurance Agency and or Cheryl Reavis were acting as "Harleysville's agents". By way of further response, Harleysville denies each and every allegation contained in paragraph "6".

7. It is denied that White Insurance Agency and or Cheryl Reavis were acting as "Harleysville's agents". It is admitted that the insurance application submitted to Harleysville did

not identify a mortgagee interest to be listed on the Policy. Except as specifically admitted above, denied.

8. It is denied that White Insurance Agency and or Cheryl Reavis were acting as "Harleysville's agents". By way of further response, Harleysville denies each and every allegation contained in paragraph "8".

9. It is denied that White Insurance Agency and or Cheryl Reavis were acting as "Harleysville's agents". By way of further response, Harleysville denies each and every allegation contained in paragraph "9".

10. Harleysville denies each and every allegation contained in paragraph "10".

11. Harleysville denies each and every allegation contained in paragraph "11".

12. Harleysville denies each and every allegation contained in paragraph "12".

WHEREFORE, Plaintiff, Harleysville, demands judgment dismissing the counterclaims of Defendant, RHI, together with the costs, disbursements, and attorneys' fees incurred herein, and for such other and further relief as to this Court may seem just and proper.

## **HARLEYSVILLE'S AFFIRMATIVE DEFENSES TO RHI'S COUNTERCLAIMS**

Harleysville's pleadings in its complaint against RHI, including all attachments to that complaint, its pleadings within this answer, as well as the foregoing responses to the Affirmative Defenses of the Defendant and answers to the Counterclaims of the Defendant, are hereby restated and incorporated as though fully set forth herein.

## **FIRST AFFIRMATIVE DEFENSE**

(Assumption of Risk)

1. By not reviewing the Policy or otherwise seeking assurance that it had been

named in the Policy as a mortgagee, RHI assumed the risk that it would not be named as a mortgagee.

2. By not asking The Hammocks the name of the insurance agent involved in the application process nor of the insurer who issued the Policy, RHI chose to ignore whatever rights it had under the Deed of Trust.

## SECOND AFFIRMATIVE DEFENSE

(Estoppel)

1. By not reviewing the Policy or otherwise seeking assurance that it had been named in the Policy as a mortgagee, RHI is estopped from asserting that it is entitled to insurance coverage under the Policy and from seeking a lien in the amount of its alleged mortgagee interest.

2. By not asking The Hammocks the name of the insurance agent involved in the application process nor of the insurer who issued the Policy, RHI is estopped from asserting that it is entitled to insurance coverage under the Policy and from seeking a lien in the amount of its alleged mortgagee interest.

## THIRD AFFIRMATIVE DEFENSE

(Contributory negligence)

1. RHI's damages, if any, were brought about in whole or in part by its own negligence, fault or want of care in not reviewing the Policy or otherwise seeking assurance that it had been named in the Policy as a mortgagee, and by not asking The Hammocks the name of the insurance agent involved in the application process nor of the insurer who issued the Policy. This contributory negligence on the part of RHI was a proximate cause of any damages complained of by RHI.

## FOURTH AFFIRMATIVE DEFENSE

(Laches)

1. By unreasonably delaying its review of the Policy or otherwise seeking assurance that it had been named in the Policy as a mortgagee, RHI unduly prejudiced Harleysville; and therefore, RHI is neither entitled to insurance coverage under the Policy nor is it entitled to an equitable lien in the amount of its alleged mortgagee interest.

2. By its unreasonable delay in asking The Hammocks the name of the insurance agent involved in the application process or of the insurer who issued the Policy, RHI unduly prejudiced Harleysville; and therefore, RHI is neither entitled to insurance coverage under the Policy nor is it entitled to an equitable lien in the amount of its alleged mortgagee interest.

## FIFTH AFFIRMATIVE DEFENSE

(The Policy terms and conditions and RHI's Failure to comply with the terms and conditions)

1. RHI is not a mortgagee under the Policy, nor is it entitled to the status as a lien holder under the Policy.

2. The terms and conditions of the Policy are incorporated by reference into these affirmative defenses.

3. Should this Court determine that RHI is entitled to status as either a mortgagee or lien holder or some other status that requires the Policy to respond with some form of coverage to RHI, RHI has not satisfied the conditions precedent to recovery and therefore its claims are barred in part or in whole.

4. RHI's claims may be limited in part or in whole because RHI has not satisfied the duties of a mortgagee under the policy.

## SIXTH AFFIRMATIVE DEFENSE

(Payment - Discharge in Bankruptcy)

1. RHI is proceeding as a secured creditor in the bankruptcy proceedings involving The Hammocks. At present, it appears that The Hammocks will be dissolved and its assets liquidated to satisfy its creditors, namely RHI. RHI will be made whole for its interest in the property at issue pursuant to the Deed of Trust.

2. To the extent that the sale of the assets of The Hammocks is conducted, RHI will be able to adequately protect the extent of its financial interest in The Hammocks.

3. In the alternative to number 2 above, if RHI recovers any amount as a secured creditor in the context of The Hammocks bankruptcy proceeding or otherwise, then Harleysville is entitled to a set off and credit to any obligation it may have to RHI for any such amount recovered by RHI as a creditor of The Hammocks.

WHEREFORE, Plaintiff, Harleysville, prays the Court as follows:

1. That this Court enter a Declaratory Judgment that Defendant, RHI, is not a "mortgagee" as defined in the Policy and is not entitled to recover under the Policy;

2. That this Court enters judgment dismissing the Counterclaims of Defendant, RHI;

3. That Plaintiff, Harleysville, is entitled to a jury trial in this Court on the issues raised in the Defendant's Counterclaims and that Harleysville have and receive a trial by jury on all issues so triable in this action;

4. That the costs of the above-captioned action, including court costs, disbursements and attorneys' fees, be taxed against the Defendant, RHI; and

5. For such other and further relief as the Court deems just and reasonable.

This the 30th day of December, 2009.

/s/ David L. Brown
David L. Brown
N.C. State Bar No. 18942
dbrown@pckb-law.com
Brady A. Yntema
N.C. State Bar No. 25771
byntema@pckb-law.com
PINTO COATES KYRE & BROWN, PLLC
3203 Brassfield Road
Greensboro, NC 27410
Telephone: 336.282.8848
Facsimile: 336.282.8409

Michael R. Nelson
P.A. State Bar No. 65679
NELSON, LEVINE, de LUCA & HORST
518 East Township Line Rd.
Suite 300
Blue Bell, PA 19422

Douglas Y. Christian
P.A. State Bar No. 41934
BALLARD SPAHR, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599

*Attorneys for Plaintiff Harleysville Mutual Insurance Company*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Reply to Affirmative Defenses and Answer to Counterclaims was served via the Electronic Case Filing system on the 30TH day of December, 2009.

/s/ Brady A. Yntema
Brady A. Yntema
N.C. State Bar No. 25771
byntema@pckb-law.com
PINTO COATES KYRE & BROWN, PLLC
3203 Brassfield Road
Greensboro, NC 27410
Telephone: 336.282.8848
Facsimile: 336.282.8409
*Attorney for Plaintiff Harleysville Mutual Insurance Company*