UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO.: 1:09-cv-00377

| | |
|---|---|
| HARLEYSVILLE MUTUAL INSURANCE COMPANY, )<br>Plaintiff and Cross-Defendant, )<br>)<br>)<br>vs. )<br>)<br>RICHMOND HILL, INC., )<br>Defendant and Cross-Claimant. )<br>_____ ) | **RICHMOND HILL, INC.'S<br>SUR-REPLY** |

NOW COMES Defendant Richmond Hill Inc. ("RHI"), and submits this Sur-Reply to address four new matters raised by Plaintiff Harleysville Mutual Insurance Company ("Harleysville") in its Reply.

1. **Harleysville's new argument in its Reply that the Hammocks was not required to secure insurance for RHI is incorrect.**

In its Reply, Harleysville claims for the first time that even if N.C.G.S. § 58-43-15 required Harleysville's insurance proceeds to benefit the mortgagee, "the 'agreement' between RHI and The Hammocks in the Deed of Trust does not entitle RHI to independent rights vis-à-vis Harleysville as named mortgagee" because it "does not require The Hammocks to secure insurance for RHI, individually, as a mortgagee" but "only requires The Hammocks to apply all insurance proceeds it may obtain to the debt owed to RHI." Doc. 32, p. 9.

This is incorrect because the Deed of Trust embodies an "agreement" between the Hammocks and RHI regarding the Hammocks' obligation to secure insurance to protect the Property for RHI's benefit:

> INSURANCE. [The Hammocks and Gateway] shall keep all improvements on said land, now or hereafter erected, constantly **insured for the benefit of the [RHI]** against loss by fire, windstorm and such other casualties and contingencies, in such manner and in such companies

> and for such amounts, not less than that amount necessary to pay the sum
> secured by this Deed of Trust, and as may be satisfactory to [RHI].

Doc. 1-4, p. 5 (emphasis added). Harleysville filed this Deed of Trust as an exhibit to it Complaint and admitted it was a "true and correct copy of the deed of trust." Doc. 1, p. 3, ¶ 16; Doc. 28, p. 2, n. 2.

There is no requirement in N.C.G.S. § 58-43-1, *et seq*, or 58-44-1, *et seq*, that the Deed of Trust go further than worded for the mortgagee to be able to recover on this basis. Harleysville does not dispute that the above language is contained in the Deed of Trust, nor has it cited any authority to support the proposition that a Deed of Trust needs to be worded differently for it to constitute an "agreement" by the mortgagor to obtain insurance for the mortgagee and therefore this argument should be rejected.

**2. Harleysville's Reply that its Policy complied with Lines 68-83 of the North Carolina Standard Fire Insurance Policy has no bearing on its failure to use the separate NC Mortgage Clause Provision; the later provision is substantive.**

Harleysville's attempt to draw comparisons between Lines 68-83 of the NC Standard Fire Insurance Policy (regarding "Mortgagee interests and obligations") and Harleysville's own policy to show that it "conform[s] in substance" with the NC Standard Fire Insurance Policy is unavailing. The provision in lines 68-83 is entirely different from the NC Mortgage Clause Provision that requires Harleysville to list or leave blank the names of mortgagees. Additionally, RHI disagrees with Harleysville's Reply that the NC Mortgage Clause Provision is "non-substantive." Doc. 32, p. 5. Harleysville's Reply on this point is circular and again depends upon its unverified factual assertion in its Reply that it did not know about RHI's interest.[1] The NC Mortgage Clause Provision serves the purpose of avoiding this type of self-serving denial by an insurer. Harleysville points to no case law that the NC Mortgage Clause Provision should not

---
[1] See note 2. (Doc. 32, p. 5)

be given full force in effect or that compliance with a separate statutorily required term waives compliance with another. Buckner v. United States Fire Ins. Co., 184 S.E. 520, 524, 209 N.C. 640, 646 (N.C. 1935); compare N.C.G.S. § 58-44-20 (2008) (listing narrow "permissible variations" from standard form).

**3. Harleysville's Reply misstates RHI's alternative argument regarding converting Harleysville's Motion into one for Summary Judgment.**

Harleysville misstates RHI's position that the Motion for Judgment on the Pleadings must be converted into one for Summary Judgment "because [it] relies on an unverified Complaint" but that "there is no requirement that Harleysville's Complaint must be verified." Doc. 32, p. 2, n. 1. On the contrary, RHI asks that – in the alternative – the Motion be converted because Harleysville raises factual issues in its Memorandum of Law that go beyond the pleadings and that, to the extent the Court relies on these factual averments, judgment on the pleadings should not be granted under Rule 12. Doc. 29, p. 16.

Harleysville cannot have it both ways. On one hand, Harleysville has asked this Court to confine its review of the Motion to Harleysville's own Policy and N.C.G.S. 58-43-15 and to ignore at this stage (1) the implication of Harleysville's failure to use the NC Standard Fire Insurance Form when interpreting the Policy and statute and (2) Harleysville's (and its agents) alleged knowledge about the Property and RHI's mortgage interest when it issued the Policy. Doc. 32, p. 2-3. On the other hand, Harleysville has asked the Court and RHI to simply trust Harleysville's unverified statement disputed by RHI that it "would have listed a mortgagee on its declarations page had Harleysville ever been notified of the existence of a mortgagee in the first

place." Doc. 32, p. 5.[2]  Nonmovant RHI's factual allegations to the contrary must be accepted as true at this stage.

## 4. Contrary to Harleysville's Reply, RHI does not contend that N.C.G.S § 58-43-15 is a compulsory insurance statute.

Contrary to Harleysville's Reply, RHI did not take the position that N.C.G.S. § 58-44-15 is a compulsory insurance statute. Doc. 32, p. 8. It was not RHI's intention to suggest the statute should be construed liberally in favor of coverage simply because it governs insurance. Rather, RHI's position is that the statute should be construed in favor of coverage for RHI based on previously stated rules of statutory interpretation and that the Policy (including the NC Statutory Policy) should be construed in favor of coverage. Doc. 29, p. 7-8. Furthermore, Harleysville is incorrect in stating that "RHI does not rely on principles of statutory construction in support of its argument" that § 58-43-15 covers mortgagees like RHI. Doc. 32, p. 7. In addition to other arguments, RHI cites North Carolina canons of statutory interpretation regarding reference to the title of the statute and reading statutes *in pari materia*. Doc. 29, p. 7-9.

### Conclusion

Harleysville's new arguments raised in its Reply are unavailing. For the reasons previously stated in its Response, RHI respectfully requests that this Court enter judgment on the pleadings in RHI's favor and rule that RHI is entitled to insurance coverage from the Policy issued by Harleysville to The Hammocks, LLC, pursuant to N.C.G.S. § 58-43-15 or, in the alternative, convert this motion into one for Summary Judgment to be considered after discovery closes.

Respectfully submitted,

---

[2] Section II of Harleysville's Reply states that "Harleysville's Policy would have listed a mortgagee on its declarations page had Harleysville ever been notified of the existence of a mortgagee in the first place" and "neither The Hammocks nor RHI ever notified Harleysville of RHI's mortgagee interest nor asked Harleysville to list RHI as a mortgagee." (Doc. 32, p. 5) These statements are disputed by the parties.

This the 29th day of June, 2010.

By:    s/Ann-Patton Hornthal
NC Bar No: 35477
Wyatt S. Stevens
NC State Bar No. 21056
Attorneys for Defendant
ROBERTS & STEVENS, P.A.
P.O. Box 7647
Asheville, NC 28801
Telephone: (828) 258-6992
E-mail: aphornthal@roberts-stevens.com
       wstevens@roberts-stevens.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of RICHMOND HILL, INC.'S SUR-REPLY was served upon all parties who have an account with CM/ECF in this matter by notice of electronic filing through the CM/ECF system/electronic mail

This the 29th day of June, 2010.

                                           By:     s/Ann-Patton Hornthal
                                                         aphornthal@roberts-stevens.com