IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| HARLEYSVILLE MUTUAL INSURANCE COMPANY, Plaintiff, vs. RICHMOND HILL, INC., Defendant. | Civil Case No. 1:09cv377 Declaratory Judgment Action |
| *In re:* THE HAMMOCKS, LLC, d/b/a Richmond Hill Inn, Debtor. | Civil Case No. 1:09cv411 Bankruptcy Appeal |
| THE HAMMOCKS, LLC, d/b/a Richmond Hill Inn, Debtor-in-Possession, Plaintiff, vs. HARLEYSVILLE MUTUAL INSURANCE COMPANY, Defendant. | Civil Case No. 1:10cv22 Adversary Proceeding |

MEMORANDUM OF DECISION
and
ORDER

**THIS MATTER** is before the Court on the following:

1. In Civil Case No. 1:09cv377, the Defendant's Motion to Transfer [Doc. 17];

2. In Civil Case No. 1:09cv411, the Debtor-in-Possession's Motion to Dismiss the Appeal as Moot [Doc. 12];

3. In Civil Case No. 1:10cv22, the Motion to Withdraw Reference as to Adversary Proceeding No. 09-10135 of Harleysville Mutual Insurance Company [Doc. 1].

## PROCEDURAL HISTORY

On October 10, 2009, Harleysville Mutual Insurance Company (Harleysville) filed a declaratory judgment action in this Court. [Civil Case No. 1:09cv377 (the Declaratory Judgment Action)[1], at Doc. 1]. In the Complaint,

---

[1] This matter presents the Court with a record consisting of no fewer than five separate court dockets, two from the Bankruptcy Court and three in this Court.

1) Civil Action no. 1:09cv377 is a declaratory judgment action originally filed in this Court. It is referred to herein as "the Declaratory Judgment Action."

2) Bankruptcy Case no. 09-10332 is the underlying bankruptcy proceeding of The Hammocks, LLC. It is referred to here in the Bankruptcy Case or Bkr. Case.

3) Harleysville filed a motion for relief from stay in the Bankruptcy Case, which was denied. Harleysville then filed an appeal therefrom to this Court, which is docketed as Civil Case no. 1:09cv411 and is referred to herein as the Bankruptcy Appeal.

it is alleged that on October 19, 2008, Harleysville issued an insurance policy to The Hammocks, LLC (The Hammocks) which was at the time doing business as the Richmond Hill Inn. [Id., at 2]. The policy provided coverage for a one year period for the Richmond Hill Inn, a bed and breakfast located in Asheville, North Carolina. [Id., at 2]. The Hammocks purchased the bed and breakfast from the Defendant Richmond Hill, Inc. (RHI) in 2005 and its indebtedness to RHI was manifested by a promissory note which was secured by a deed of trust. [Id., at 3]. The Hammocks defaulted in its payments on the note and RHI initiated foreclosure proceedings in state court in November 2008. [Id., at 3-4]. The foreclosure sale was ultimately scheduled for April 11, 2009. [Id.]. On March 19, 2009, the Richmond Hill Inn, specifically the main house thereof, sustained substantial damage as a result of fire. [Id., at 5]. The Asheville Buncombe Arson Task Force determined the fire was the result of arson. [Id.]. Six days later, The Hammocks (Debtor) filed a voluntary

---

4) The Bankruptcy Debtor, The Hammocks, LLC, filed an Adversary Proceeding against Harleysville, which bears Adversary Proceeding No. 09-10135. It is referred to herein as the Adversary Proceeding or Adv. Proc.

5) Harleysville has moved for the reference of the Adversary Proceeding to be withdrawn from the Bankruptcy Court and disposed of in this Court. This motion is pending in this Court and bears Civil Case no. 1:10 cv 22 and is referred to herein as the Adversary Proceeding Withdrawal or Adv. Proc. W/D.

petition in bankruptcy pursuant to Chapter 11.[2] [Id.]. In September 2009, RHI "demand[ed] coverage be provided" by Harleysville for its losses arising from the fire. [Id., at 6].

In the Declaratory Judgment Action, Harleysville alleges that the policy affords no coverage to RHI because it is not named as a loss payee or mortgagee under the terms thereof and the insurance application did not disclose any mortgagee. [Id., at 2-6]. The sole relief sought in the Declaratory Judgment Action is a declaration that RHI is "not entitled to coverage" under the Harleysville policy. Any coverage afforded to The Hammocks is not at issue in the Declaratory Judgment Action. RHI has moved to have the Declaratory Judgment Action against it transferred from this Court to Bankruptcy Court. [Id., at Doc. 17].

Prior to filing the Declaratory Judgment Action, Harleysville moved for relief from the stay in The Hammocks' bankruptcy proceeding so that it could prosecute a separate declaratory judgment action against The Hammocks. [Id., at Doc. 15; Doc. 15-1]. In the proposed complaint submitted to the Bankruptcy Court, Harleysville sought a declaration that it had no duty to

---

[2]The parties do not dispute that The Hammocks is not owned or controlled by RHI. [Id., at Doc. 14]. They also do not dispute that RHI is not owned or controlled by The Hammocks. [Id.]. The relationship between The Hammocks and RHI is that of debtor and creditor.

4

provide coverage to The Hammocks due to arson and material misrepresentations in the insurance application, and seeking rescission of the contract due to those misrepresentations and other violations of North Carolina insurance statutes. [Id.]. On October 28, 2009, the Bankruptcy Court denied Harleysville's motion for relief from the stay to allow it to pursue such declaratory relief against the debtor, The Hammocks. [In re The Hammocks, LLC, Bkr. Case No. 09-10332, (Bkr. Case) at Doc. 82]. On November 12, 2009, Harleysville filed an appeal from that ruling, thus initiating its second action in this Court, In re The Hammocks, LLC, Civil Case No. 1:09cv411 (the Bankruptcy Appeal).

In denying the motion for relief from the stay in The Hammocks' bankruptcy proceeding, the Bankruptcy Judge ruled that the fire loss claim is an asset of the Chapter 11 Estate, the prosecution of which is a core matter. [Bkr. Case at Doc. 82]. He further concluded that communications from Harleysville to the debtor, The Hammocks, could be deemed to be a denial of the insurance claim sufficient to allow The Hammocks to pursue a claim on the policy for the loss by filing a civil action. [Id.]. The Bankruptcy Judge further ruled that judicial economy dictated that only one civil action be filed concerning the fire loss asset of the estate and that action should be filed only by The Hammocks. [Id.]. Harleysville would then be entitled to submit its

position and defenses in that action. [Id.]. The Court required The Hammocks to file its civil action "forthwith and no later than January 20, 2010." [Id.]. In the event that it did not do so, the Court would reconsider Harleysville's request for relief from the stay to allow it to prosecute a declaratory judgment action against the Debtor. [Id.].

On December 2, 2009, The Hammocks filed an adversary proceeding in Bankruptcy Court, thus meeting the Bankruptcy Judge's requirement that it commence a civil action no later than January 20, 2010. [The Hammocks, LLC v. Harleysville Mutual Insurance Company, Adversary Proceeding No. 09-01035, (the Adv. Proc.) at Doc. 1]. In that proceeding, The Hammocks asserted claims for breach of contract, bad faith refusal to pay a claim and unfair trade practices arising out of Harleysville's purported denial of the insurance claim stemming from the fire loss at the Richmond Hill Inn. [Id.]. On December 28, 2009, Harleysville moved in the Bankruptcy Court for an order withdrawing the reference of the adversary proceeding. [Adv. Proc, at Doc. 6]. On the same date, it moved the Bankruptcy Court to stay the adversary proceeding in that court. [Adv. Proc, at Doc. 8]. The Bankruptcy Court granted the motion to stay the proceeding and transmitted the motion to withdraw the reference to this Court on January 20, 2010. [Adv. Proc, at Doc. 12; In re The Hammocks, Civil Case No. 1:10cv22 (the Adversary Proceeding

6

Withdrawal) at Doc. 1].

## DISCUSSION

The Court will first consider the motion to withdraw the reference of the adversary proceeding since disposition of that motion has the potential to render moot the motion to transfer as well as the appeal from Bankruptcy Court.

**The motion to withdraw the reference of the Adversary Proceeding, Civil Case No. 1:10cv22.**

Section 157(d) of Title 28 provides in pertinent part that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred [to the Bankruptcy Court], ... for cause shown." This section provides for the discretionary withdrawal of the reference when good cause has been shown.[3] 9 Collier on Bankruptcy, ¶5011.01[1][b][i] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.). The first step in determining whether good cause exists involves consideration of whether the matter is a core proceeding or a non-core proceeding.[4] Id.

---

[3]The Complaint in the Adversary Proceeding alleges diversity jurisdiction. [Adv. Proc., Doc. 1 at 1]. In any event, "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §1334(b).

[4]Bankruptcy judges may hear and determine all core proceedings. 28 U.S.C. §157. Unless the parties consent, a bankruptcy judge may only recommend findings of fact and conclusions of law as to non-core proceedings. Id.

7

In the Complaint in the Adversary Proceeding, The Hammocks alleges that Harleysville made a post-petition breach of the pre-petition insurance contract by failing to pay the insurance claim for the fire loss. [Adv. Proc. at Doc. 1]. It also alleges a claim for bad faith refusal to settle an insurance claim. [Id.]. Its third claim against Harleysville is for unfair and deceptive trade practices in violation of N.C.Gen.Stat. §75-1.1. [Id.]. The parties do not dispute that each of these claims arises under state law. It is also undisputed that Harleysville has never filed a claim in the bankruptcy action.

"The bankruptcy court has core jurisdiction over claims arising from a contract formed post-petition[.] But a dispute arising from a pre-petition contract will usually not be rendered core simply because the cause of action could only arise post-petition." In re U.S. Lines, Inc., 197 F.3d 631, 637-38 (2nd Cir. 1999), *certiorari denied* 529 U.S. 1038, 120 S.Ct. 1532, 146 L.Ed.2d 347 (2000). A "breach-of-contract action by a debtor against a party to a pre-petition contract, who has filed no claim with the bankruptcy court, is non-core." In re Orion Pictures Corp., 4 F.3d 1095, 1102 (2nd Cir. 1993), *certiorari dismissed* 511 U.S. 1026, 114 S.Ct. 1418, 128 L.Ed.2d 88 (1994). "The Supreme Court has ruled that a bankruptcy court judge does not have the authority to adjudicate a state-law breach of contract claim arising out of a pre-petition contract brought by the debtor against a [party] who has not filed

a claim in the bankruptcy proceeding." In re Pisgah Contractors, Inc., 215 B.R. 679, 681 (W.D.N.C. 1995), *appeal dismissed* 117 F.3d 133 (4th Cir. 1997), *citing* Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982)

> [The debtor's] contract claim is grounded in state law (not rights created by federal bankruptcy law), and arises from [the] pre-petition contract[ ] with [Harleysville], namely, its insurance contract[ ] covering [fire]-related [loss]. [Harleysville] has not filed a proof of claim, and thus it has not consented to the jurisdiction of th[e] [Bankruptcy] Court. It is conceivable that a resolution of the contract dispute with [Harleysville] may have an impact on the administration of the estate. However, treating this contract dispute as a "core proceeding" would create an exception ... that would "swallow the rule," as any contract action that the [debtor] would pursue against a defendant would likely be expected to inure to the benefit of the estate and thus "concern" its "administration."

In re Porter-Hayden Co., 304 B.R. 725, 731 (D.Md. 2004); In re Nichols & Associates Tryon Properties, Inc., 36 F.3d 1093 (4th Cir. 1994), *certiorari denied* 514 U.S. 1016, 115 S.Ct. 1359, 131 L.Ed.2d 216 (1995) (adversary proceeding to recover proceeds of fire insurance policy issued pre-petition based on post-petition breach was non-core); In re National Enterprises, Inc., 128 B.R. 956 (E.D.Va. 1991); Daewoo Motor Am. v. Gulf Ins. Co., 302 B.R. 308, 309, 313 (C.D.Cal. 2003).[5] The Court therefore concludes that the

---

[5]The Debtor cited In re Griffin Services, Inc., 2005 WL 1287920 (M.D.N.C. 2005), in support of its position. That case involved post-petition conduct which directly interfered with the sale of a business which was in bankruptcy. There is also no

breach of contract claim is non-core.

The Debtor's claim that Harleysville acted in bad faith by refusing to settle or pay the insurance claim is also a non-core matter. In re Hettick, 413 B.R. 733 (D.Mont. 2009); In re Payroll Express Corp., 186 F.3d 196, 202 (2nd Cir. 1999), *certiorari denied sub nom* Pereira v. Aetna Casualty & Surety Co., 529 U.S. 1019, 120 S.Ct. 1419, 146 L.Ed.2d 312 (2000) (noting district court granted motion to withdraw reference of claim for bad faith denial of coverage under insurance policies); *accord*, In re Lawrence Group, Inc., 285 B.R. 784 (N.D.N.Y.2002) (insurance coverage dispute arising under pre-petition policy non-core); Northwestern Institute of Psychiatry, Inc. v. Travelers Indem. Co., 272 B.R. 104 (E.D.Pa. 2001) (even if a core proceeding, reference should be withdrawn); In re Dayton Title Agency, Inc., 264 B.R. 880 (S.D.Oh. 2000) (adversary proceeding by debtor to recover from insurer for breach of contract and bad faith denial of coverage non-core).

Likewise, any claim based on unfair or deceptive trade practices is a state law claim which is non-core. In re Smith, 866 F.2d 576 (3rd Cir. 1989) (unfair trade practice claim was "related to" bankruptcy proceeding); City of Clinton, Ark. v. Pilgrim's Pride Corp., 2009 WL 4884430 (N.D.Tex. 2009) (unfair trade practice claim became core because a proof of claim had been

---

indication whether the defendant in that case had filed a claim in the bankruptcy.

filed in the bankruptcy); Silliman v. General Motors, Corp., 2009 WL 3063371 (N.D.Ga. 2009) (unfair trade practice claim non-core); Allen v. J.K. Harris & Co., LLC, 331 B.R. 634 (E.D.Pa. 2005) (non-core); In re Novak, 116 B.R. 626 (N.D.Ill. 1990). Cf. In re Klingerman, 2009 WL 2423992 (E.D.N.C. 2009) (adversary proceeding to dissolve corporation which was asset of bankrupt estate was core although unfair trade practice claim asserted); In re Mercer's Enterprises, Inc., 387 B.R. 681 (E.D.N.C. 2008) (property at issue was sole asset of estate).

The Court concludes that the causes of action raised in the adversary proceeding are non-core claims brought against a party who has not filed a claim in the bankruptcy proceeding. In re Peanut Corp. of America, 407 B.R. 862 (W.D.Va. 2009) (action brought by insurer to determine its obligations under policy non-core). This weighs in favor of withdrawing the reference. In re Lawrence Group, Inc., 285 B.R. at 788.

Other factors also support withdrawing the reference of this adversary proceeding. The Debtor has asserted claims which entitle Harleysville to a jury trial and Harleysville has unequivocally stated that it will not consent to having a jury trial before the Bankruptcy Court.[6] [Adv. Proc. Withdrawal, Doc.

---

[6]The parties do not dispute that Harleysville is entitled to a jury trial on the claims asserted by The Hammocks against it. [Case 1:10cv22, at Doc. 3].

1, at 6]; In re Orion, 4 F.3d at 1101 (bankruptcy courts are constitutionally prohibited from holding jury trial in non-core matters); 28 U.S.C. §157(e) (bankruptcy judge may conduct jury trial "with the express consent of all the parties").

Although The Hammocks argues that this Court may continue the referral for pre-trial matters and then withdraw reference for the conduct of the trial, the Court does not find that this is an efficient use of judicial resources. 9 Collier on Bankruptcy, ¶5011.01[1][c]. Such a scenario could lead to repeated requests for *de novo* review by this Court and thus give rise to unnecessary costs and delay. In re Orion, 4 F.3d at 1101; In re Lawrence Group, 285 B.R. at 789 n.3. Because the dispute at issue is a non-core matter, it should have little impact on the uniformity of bankruptcy administration. Id., at n.5. At the time Harleysville issued the insurance policy in question, it had no reason to believe that any disputes stemming from it would be resolved in bankruptcy court; thus, there is no danger of forum shopping. Id., at n.6.

The Court therefore determines, in its discretion, that withdrawal of the reference from the Bankruptcy Court should be ordered.

**The motion to dismiss the appeal of the Bankruptcy Court's denial of the motion to lift the automatic stay, Civil Case No. 1:09cv411 (the Bankruptcy Appeal).**

As previously noted, Harleysville appealed the Bankruptcy Court's denial of its motion to lift the automatic stay so that it could proceed with a declaratory judgment action against the Debtor. Once the adversary proceeding was filed in Bankruptcy Court, the Debtor moved to dismiss that appeal as moot because Harleysville could litigate the same issues in the adversary proceeding. Harleysville objected, noting that the Bankruptcy Court had referred to the claims as involving core matters, an issue to be resolved in the appeal. The conclusion of this Court that the adversary proceeding involves non-core matters renders moot any appeal from that portion of the ruling.

Harleysville also conceded that "unless the reference is withdrawn with respect to the Adversary Proceeding, this approach [of bringing its claims in the adversary proceeding] would not protect Harleysville's rights." [The Bankruptcy Appeal (1:09cv411), Doc. 13, at 4]. Since the reference has been withdrawn, the Court finds that Harleysville may assert its claims for declaratory judgment against the Debtor in the withdrawn action. The appeal is therefore moot and will be dismissed.

**The motion to transfer the Declaratory Judgment Action, Civil Case No. 1:09cv377.**

The remaining motion is RHI's motion to transfer the Declaratory Judgment Action against it to Bankruptcy Court. In response to an inquiry from the Court, the parties agreed that the automatic stay of the Bankruptcy Court did not apply to this action because Harleysville's claim was against RHI, not the Debtor. [The Declaratory Judgment Action, at Doc. 14; Doc. 15]. RHI nonetheless sought to transfer the action to Bankruptcy Court, arguing that it involved core matters. [Id., at Doc. 18].

The Court finds that the withdrawal of the reference of the adversary proceeding renders moot the motion to transfer. Since the adversary proceeding involving *the Debtor* and Harleysville is now pending in this Court, there is no reason to transfer to the Bankruptcy Court the Declaratory Judgment Action pending between Harleysville and *RHI*. Judicial economy dictates that all matters pending among the parties be determined by the same court. Indeed, this was one reason urged by RHI for transfer. Since the cases are now pending before this Court, RHI's motion to transfer has become moot.

## CONCLUSION

The dismissal of the bankruptcy appeal as moot leaves two actions

pending in this Court: (1) Civil Case No. 1:09cv377, Harleysville's Declaratory Judgment Action against RHI; and (2) Civil Case No. 1:10cv22, The Hammocks' action against Harleysville alleging breach of contract, bad faith and unfair trade practices. There is pending in the declaratory judgment action a recently filed motion for judgment on the pleadings. Harleysville, however, has indicated that it would seek consolidation of its declaratory judgment action (1:09cv377) with The Hammocks' civil action (1:10cv22), reference of which has been withdrawn. Harleysville has also indicated that it would assert a declaratory judgment claim against The Hammocks. Since consolidation may show the pending motion for judgment on the pleadings to be premature, the Court will provide the parties with an opportunity to address that issue. Fed.R.Cvi.P. 42. In the interim, all deadlines for filing answer or other response to The Hammocks' Complaint against Harleysville in Civil Case No. 1:10cv22 will be held in abeyance until such time as a ruling on consolidation is rendered. At that time, a scheduling order will be entered.

## ORDER

**IT IS, THEREFORE, ORDERED** as follows:

1. In Civil Case No. 1:10cv22, the Motion to Withdraw Reference as to Adversary Proceeding No. 09-10135 of Harleysville Mutual Insurance

Company [Doc. 1] is hereby **GRANTED** and the reference of this action to the United States Bankruptcy Court is hereby **WITHDRAWN**.

2. In Civil Case No. 1:09cv411, the Debtor-in-Possession's Motion to Dismiss the Appeal as Moot [Doc. 12] is hereby **GRANTED** and the appeal is hereby **DISMISSED**.

3. In Civil Case No. 1:09cv377, the Defendant's Motion to Transfer [Doc. 17] is hereby **DENIED** as moot.

4. The time periods within which to file Answer or make other response to the Complaint in Civil Case No. 1:10cv22 are hereby held in abeyance pending further order of this Court.

5. On or before fifteen (15) days from entry of this Order, the parties shall file response not to exceed five (5) double-spaced pages addressing the issue of whether Civil Case No. 1:09cv377 and Civil Case No. 1:10cv22 should be consolidated.

Signed: September 28, 2010

Martin Reidinger
United States District Judge